CLERK'S OFFICE
A TRUE COPY
Aug 13, 2026
s/ MMK
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

United States of America
v.
Angel Alvarez-Lopez
(DOB xx/xx/1986)

*Defendant(s)*

Case No. 26-MJ-115

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of January 22, 2026 in the county of Milwaukee in the Eastern District of Wisconsin, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Sections 841(a)(1) | Possession with Intent to Distribute Controlled Substances |
| Title 18, United States Code, Sections 922(g)(1) & 924(c)(1)(B)(ii) | Possession of a Firearm by a Felon<br>Possession of a firearm (machinegun) in relation to a drug trafficking crime |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

DAVID SHAMSI Digitally signed by DAVID SHAMSI Date: 2026.08.13 13:17:30 -05'00'

*Complainant's signature*

David Shamsi, FBI Special Agent

*Printed name and title*

Sworn via telephone; transmitted via email pursuant to Fed. R. Crim. 4.1

Date: 08/13/2026

William E. Duffin

*Judge's signature*

City and state: Milwaukee, Wisconsin

Honorable William E. Duffin, U.S. Magistrate Judge

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, David Shamsi, a Special Agent with the Federal Bureau of Investigation (FBI) being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. Pursuant to my official duties, I am submitting this Affidavit in support of an application for a criminal complaint and arrest warrant, for violations of federal law, including violations of Title 21, United States Code, Sections 841(a)(1) (Possession with Intent to Distribute Controlled Substances), and Title 18, United States Code, Sections 922(g)(1) (Possession of a Firearm by a Felon) and 924(c)(1)(B)(ii) (Possession of a firearm (machinegun) in relation to a drug trafficking crime).

2. Your Affiant is a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. Your Affiant has been a Special Agent with the FBI since January 2021 and is assigned to the FBI's Milwaukee Area Safe Streets Task Force (MASSTF), a multi-jurisdictional law enforcement entity charged with investigating violations of federal law, including narcotics trafficking and conspiracy to possess narcotics with intent to distribute, as defined under Title 21 of the United States Code, as while as firearm offenses including felon in possession of firearms, possession of a firearm in furtherance of drug trafficking, and possession of machineguns, as defined under Title 18, United States Code, Sections 922(g), 922(o); and 924(c). Your Affiant has been trained in a variety of investigative and legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and

probable cause. Your Affiant has participated in criminal investigations, surveillance, search warrants, interviews, and debriefs of arrested subjects. As a result of this training and investigative experience, your Affiant has learned how and why narcotics traffickers typically conduct various aspects of their criminal activities. Your Affiant has experience in the investigation of individuals involved in federal criminal offenses, the use of cellular devices to commit those offenses, and the available technology that can be used by law enforcement to assist in identifying the users of cellular devices and their location. Through your Affiant's training, education, and experience, your Affiant became familiar with the manner in which illegal drugs are transported, stored, and distributed, and the methods of payment for such drugs. In addition, your Affiant has conducted follow-up investigations concerning the concealment of assets, money, and bank records, and the identification of co-conspirators through the use of ledgers, telephone bills and records, photographs, and bank checks, all as related to drug trafficking.

3. Your Affiant has participated in investigations involving the interception of communications made via wire and electronic communication devices and is familiar with the ways in which drug traffickers conduct their business, including, but not limited to: their methods of importing and distributing drugs; their use of cellular telephones and digital display paging devices; and their use of numerical codes and code words to conduct their transactions. Your Affiant has also reviewed and interpreted hundreds of conversations related to the distribution of heroin, cocaine, and other controlled substances.

4. The facts in this affidavit come from my personal observations, my training and experience, my review of documents, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause for the requested warrant and

does not set forth all of my knowledge about this matter.

5. Based on my training, experience, and participation in drug trafficking investigations, I know and have observed the following:

a. I have learned about the manner in which individuals and organizations distribute controlled substances in Wisconsin as well as in other areas of the United States;

b. I am familiar with the coded language utilized over the telephone to discuss drug trafficking and know that the language is often limited, guarded and coded. I also know the various code names used to describe controlled substances;

c. I know large-scale drug traffickers often purchase and/or title their assets in fictitious names, aliases or the names of relatives, associates or business entities to avoid detection of these assets by government agencies. I know that even though these assets are in the names other than the drug traffickers, the drug traffickers actually own and continue to use these assets and exercise dominion and control over them;

d. I know large-scale drug traffickers must maintain on-hand, large amounts of U.S. currency in order to maintain and finance their ongoing drug business;

e. I know that large-scale drug traffickers will frequently use firearms to protect their narcotics, proceeds, and persons, since such drug traffickers are reticent to involve law enforcement in their affairs;

f. I know it is common for persons involved in large-scale drug trafficking to maintain evidence pertaining to their obtaining, secreting, transfer, concealment and/or expenditure of drug proceeds, such as currency, financial instruments, precious metals and gemstones, jewelry, books, records of real estate transactions, bank statements and records,

passbooks, money drafts, letters of credit, money orders, passbooks, letters of credit, bank drafts, cashier's checks, bank checks, safe deposit box keys and money wrappers. These items are maintained by the traffickers within residences, businesses or other locations over which they maintain dominion and control;

g. I know it is common for drug traffickers to maintain books, records, receipts, notes ledgers, airline tickets, receipts relating to the purchase of financial instruments and/or the transfer of funds and other papers relating to the transportation, ordering, sale and distribution of controlled substances. That the aforementioned book, records, receipts, notes, ledger, etc., are maintained where the traffickers have ready access to them;

h. It is common practice for individuals who are involved in business activities of any nature to maintain books and records of such business activities for lengthy periods of time. It is also common practice for individuals who maintain these records to keep them in places that are secure but easily accessible such as in their businesses, offices, or personal residence.

i. It is also common that individuals who are attempting to conceal their true income from the IRS will maintain records that will establish their true ownership of assets or other expenditures in a secret manner. These records have included bank records, automobile titles, property deeds, cashier's check receipts, money order receipts, wire transfer receipts, documents pertaining to storage facilities or safe deposit boxes, documents or agreements detailing the true ownership of assets, photographs of the true owners with the concealed assets, or other items such as sales receipts, purchase orders, or shipping invoices.

j. I know large-scale drug traffickers often use electronic equipment such as telephones, pagers, computers, telex machines, facsimile machines, currency counting machines

and telephone answering machines to generate, transfer, count, record and/or store the information described in the items above, as well as conduct drug trafficking activities;

k. I know when drug traffickers amass large proceeds from the sale of drugs, the drug traffickers attempt to legitimize these profits through money laundering activities. To accomplish these goals, drug traffickers utilize the following methods, including, but not limited to: domestic and international banks and their attendant services, securities brokers, professionals such as attorneys and accountants, casinos, real estate, shell corporations and business fronts and otherwise legitimate businesses which generate large quantities of currency;

l. I know drug traffickers commonly maintain addresses or telephones numbers in books or papers which reflect names, addresses and/or telephone numbers of their associates in the trafficking organization; and

m. I am familiar with computers, cellular telephones, pagers and their uses by drug traffickers to communicate with suppliers, customers, and fellow traffickers and by those engaged in money laundering activities to communicate with their associates and financial institutions; That drug traffickers use these devices to record their transactions and aspects of their lifestyle related to drug dealing, whether in the form of voicemail, email, text messages, video and audio clips, floppy disks, hard disk drives, flash drives, CD’s, DVD’s, optical disks, Zip disks, flash memory cards, Smart media and any data contained within such computers or cellular telephones, electronic storage media and other settings particular to such devices; I know that such devices automatically record aspects of such communications, such as lists of calls and communications, and any particularized identification assigned to those source numbers or email addresses by the owner of the devices;

n. Specifically, I know the following information can be retrieved to show evidence of use of the computer to further the drug trade and/or money laundering activities; Computer systems and cellular telephones, including but not limited to system components, input devices, output devices, data storage devices, data transmission devices, and network devices and any data contained within such systems; and computer media and any data contained within such media and other material relating to computer systems and the internet including but not limited to, documentation, operating system software, application or access program disks, manuals, books, brochures, or notes; and computer access codes, user names, log files, configuration files, and passwords, screen names, email addresses, IP addresses and cellular / wireless telephones, SIM cards, any removable storage devices for telephones, and any data contained therein, including but not limited to stored telephone numbers, recently called numbers list, text messages, digital audio and/or video recordings, pictures, settings, and any other user defined settings and/or data.

6. Further, I am aware that vehicles are frequently used by drug and firearms traffickers to transport and store contraband. It is common for persons involved in drug trafficking to use vehicles to travel to stash locations, acquire drugs, and then use the vehicle to transport the drugs to a separate location. It is also common for drug traffickers to sell drugs inside of a vehicle and to engage in mobile drug trafficking.

7. I have received training in the investigation of unlawful possession of firearms and possession of firearms by prohibited persons, possession of machineguns, as well as drug trafficking and related offenses. I have been trained regarding these offenses and have arrested individuals for federal firearms related offenses, as well as drug trafficking offenses. I am familiar

with machinegun conversion devices, which may be attached to firearms and convert a semi-automatic firearm into fully automatic, a machinegun.

8. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841(a)(1) (Possession with Intent to Distribute Controlled Substances), and Title 18, United States Code, Sections 922(g)(1) (Possession of a Firearm by a Felon) and 924(c)(1)(B)(ii) (Possession of a firearm (machinegun) in relation to a drug trafficking crime, have been committed, are being committed, and/or will be committed by Angel Alvarez-Lopez (DOB XX/XX/1986) ("Alvarez-Lopez"), in the Eastern District of Wisconsin. This affidavit is submitted for the limited purpose of establishing probable cause for the issuance of a criminal complaint against Alvarez-Lopez and for an arrest warrant.

9. The information set forth in this affidavit comes from my personal involvement in this investigation, along with information provided to me by other law enforcement officers. Throughout this affidavit, I refer to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom I have had regular contact regarding this investigation.

**PROBABLE CAUSE**

10. The United States, including the FBI, is conducting a criminal investigation into fentanyl and cocaine trafficking and illegal possession of firearms by Alvarez-Lopez.

11. On January 22, 2026, FBI Task Force officers and Milwaukee police officers executed a state search warrant at XXX N. 25th Street, Apartment #202, in Milwaukee, Wisconsin.

12. Angel Alvarez-Lopez, his brother, and his girlfriend were inside the apartment

when officers arrived. In the bedroom, officers found a Ruger, model 57, 5.7x28mm pistol bearing serial number 643-35122 with an extended magazine loaded with twenty rounds of ammunition on the floor and a loaded fully automatic Radical Firearms, model RF-15, rifle bearing serial number 25-007294 next to seven loaded extended magazines and a box of ammunition under the bed. Case agents indicated the Radical Firearms was made fully automatic by a placement of a dryer hose clamp. Alvarez-Lopez has a prior state felony conviction for burglary, Milwaukee County Case 2015CF2605.

13. In the kitchen, officers found three bags containing a total of 74.33 grams of suspected fentanyl, a baggie and twelve corner cuts totaling 13.04 grams of suspected cocaine base, digital scales, plastic baggies, cutting agents, and a blender. In the hallway closet, officers found 11.44 grams of suspected marijuana, and throughout the apartment, officers found identifiers for Alvarez-Lopez and multiple phones.

14. After being advised of his constitutional rights, Alvarez-Lopez admitted (in Spanish) that all the items, including the firearms, found in the apartment belonged to him, but he denied knowing the rifle was fully automatic. He admitted that he had the rifle for a long time and bought it on the street. When asked about the drugs, Alvarez-Lopez said the apartment is in his name and whatever located in the apartment was his, but indicated he did not know what they were. Alvarez-Lopez denied knowing the rifle was automatic. When he was shown a photo of the conversion device in the rifle (the dryer hose clamp), he appeared ignorant and stated, "does that make the rifle shoot fast?" While case agents searched that apartment, they located in Alvarez-Lopez's bedroom the packaging for the dyer hose clamp and additional dryer hose clamps. Based on my training, experience, and investigation into this matter, the packaging and additional dryer

hose clamps located in Alvarez-Lopez's bedroom and the dryer hose clamp on the Radical Firearms, is consistent with someone intentionally modifying a semiautomatic firearm to a fully automatic firearm. Further, the evidence is consistent with Alvarez -Lopez's knowledge of such.

## CONCLUSION

15. Based on the above information and facts, I submit that there is probable cause to believe that Alvarez-Lopez has violated the laws of the United States including of Title 21, United States Code, Sections 841(a)(1) (Possession with Intent to Distribute Controlled Substances), and Title 18, United States Code, Sections 922(g)(1) (Possession of a Firearm by a Felon) and 924(c)(1)(B)(ii) (Possession of a firearm (machinegun) in relation to a drug trafficking crime) which occurred in the Eastern District of Wisconsin.